IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              3:05cr118/RV
                                                 3:07cv384/RV/MD

JAMES OLIVER FAMBRO

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 112). The government has filed a response (doc. 118) and the defendant has filed a reply. (doc. 120). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I.  BACKGROUND**

Defendants James Oliver Fambro and William Henry Dudley were named in a five count indictment. Fambro was charged with conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (count one), possession with intent to distribute fifty grams or more of cocaine base on a date certain (count two), being a felon in possession of a firearm (count four), and using a weapon during and in relation to a drug trafficking crime (count five). Dudley was charged with conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (count one),

possession with intent to distribute fifty grams or more of cocaine base on a date certain (count two), being a felon in possession of a firearm (count three). (Doc. 24). The government filed an enhancement information indicating its intent to seek enhanced penalties due to defendant's prior felony drug offense. (Doc. 26).

Fambro, through appointed counsel Kafahni Nkrumah, entered a plea of guilty pursuant to a written plea and cooperation agreement. (Doc. 41). The plea proceeding was thorough, but unremarkable. (Doc. 77).

The PSR established defendant's base offense level at 36, based on a marijuana equivalency of 11,347.74 kilograms, based on the defendant's distribution of multiple substances. (PSR ¶ 30). He did not receive a two level adjustment for possession of a firearm during the course of the conspiracy because he had been separately charged on this offense. He received a three level downward adjustment for acceptance of responsibility, for a total offense level of 33. (PSR ¶¶ 36 & 39). Defendant's criminal history category was I. (PSR ¶ 45). The advisory guidelines imprisonment range was 135 to 168 months, but this was ultimately trumped by the statutory mandatory minimums, as set forth below.

At sentencing, counsel withdrew the objection to the quantity of drugs attributed to the defendant, in hopes that his client could continue to cooperate with the government and receive a Rule 35 motion. (Doc. 78 at 3, 5-6). Counsel expressed to the court that he believed the sentence his client faced was excessive, a sentiment with which the court agreed. (Doc. 78 at 5). The court was nonetheless constrained by the statutory minimum mandatory because of defendant's single conviction for possession of cocaine fifteen years earlier, and sentenced him to a term of 240 months imprisonment on counts one and two, a concurrent term of 120 months imprisonment on count four, and a consecutive 60 month term of imprisonment on count five. (Doc. 78). Counsel filed an *Anders* brief on appeal, and following an independent review of the record by the Eleventh Circuit, his conviction and sentence were affirmed on September 27, 2006. (Doc. 105).

In the present motion,[1] defendant asks that his § 2255 motion be held in abeyance as he has moved to have his underlying state conviction vacated. Next he contends that counsel induced him to plead guilty to conduct that was not a crime, because active employment of the firearm was required for conviction under § 924(c)(1). Finally, he contends his plea was not knowing and voluntary.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that

---

[1] The defendant's claims as set forth in the motion and the memorandum differ. The court will address the claims as set forth in the defendant's memorandum, as they have been explained in greater detail.

*Case No: 3:05cr118/RV; 3:07cv384/RV/MD*

it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. An evidentiary hearing is not warranted in this case.

### Request for § 2255 to be held in abeyance

Defendant first requests that this court hold his motion in abeyance pending the state court's decision on his writ of habeas corpus challenging his single prior state court conviction that led to the enhanced sentence.

Pursuant to 21 U.S.C. §§ 851(b) and (e), the defendant may not now or in the future attack the validity of his prior felony drug conviction because he failed to do so at sentencing and because his conviction was in excess of five years old at the time the enhancement information was filed in this case. Section 851(b) provides that:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

The District Court adhered to these requirements, and the defendant affirmed his conviction. (Doc. 75 at 4). Thus, having failed to preserve his objection at sentencing, defendant may not attack his sentence based upon the prior state conviction.

Additionally, section 851(e) provides:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

The defendant's prior felony conviction was well over fourteen years old when the government filed the enhancement information. (Doc. 26). Clearly then, the statute precludes him from challenging the validity of this prior conviction. Likewise, the case law cited by the defendant does not support his request for an indefinite abeyance.

<u>Ineffective assistance of counsel/Voluntariness of Plea</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d

997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

Defendant claims that counsel's performance was constitutionally ineffective because he induced his client to plead guilty to conduct that is not a crime. In conjunction with this, defendant further contends that his plea was not knowing and voluntary because of counsel's alleged misadvice that the presence of a firearm in his motel room was sufficient to support a conviction for a violation of § 924(c)(1)(A).  Defendant maintains that "active employment" of the firearm is required in order to sustain a conviction under 18 U.S.C. § 924(c)(1). *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Defendant's assertion is without merit.

The indictment charged that defendant "did knowingly use <u>and</u> carry, and in furtherance of [a drug trafficking crime], did knowingly possess a firearm."  (Doc. 24 at 4) (emphasis added).  Defendant now claims that he neither used nor carried the firearm in relation to the predicate offense, an assertion that he maintains is proven by the fact that the firearm seized from the motel room was not in his vicinity.  However, the record reflects that his admission went well beyond the mere presence of the weapon in the motel room.

At the plea colloquy the court stated as follows:
> Finally, Count Five charges you, Mr. Fambro, with during and in relation to a drug trafficking crime for which you might be prosecuted in the federal court, that is the conspiracy charged in Count One and the possession with intent to distribute charged in Count Two, that you did knowingly use and carry, and in furtherance of such crime did knowingly possess a 9mm Ruger pistol in violation of Title 18, United States Code, Section 924(c)(1)(A).
>
> And to establish this offense the government has to prove that you did commit the offense as charged in Count One or Count Two of the indictment, and during the commission of that offense that you did knowingly carry or possess a firearm.  And finally that you either

>carried the firearm in relation to, or your possession – you possessed the firearm in furtherance of the drug trafficking offense.  And again it may be actual or constructive possession, joint or sole possession.  Do you understand that?

(Doc. 77 at 17).    Defendant answered in the affirmative.  As part of the government's factual statement, describing the search of the defendants' motel room and Mr. Fambro's post-*Miranda* statement, it recited the following:

>Mr. Fambro claimed the gun and said that he had brought the gun to Pensacola, that it was his gun, and it was brought down for protection purposes because the week before when they had been here there was a drug dealer or someone had been robbed in the parking lot of this same hotel.  On the morning that the warrant was served, Mr. Fambro explained that he had called back to the hotel room and had spoken with Mr. Dudley and asked Mr. Dudley to move the firearm so that the maid service would not fire–find the firearm.  Mr. Dudley had agreed and he placed it on the bedside table which it was located.

(Doc. 77 at 19-20).  The defendant agreed with the statement of facts as set forth by the government, stated that he did not disagree with anything that the government had said and admitted that he had done what he was charged with in the indictment.  (Doc. 77 at 20).  A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings.  *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea).  Solemn declarations made under oath in open court carry a strong presumption of verity.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)*.*  They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629; *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987).  Defendant has failed to provide such "compelling evidence showing otherwise."  Clearly, having admitted that he and his co-defendant transported the weapon from Atlanta, Georgia to Pensacola, Florida for protection while also transporting crack cocaine

for distribution in the Pensacola area, defendant had admitted sufficient facts to support his conviction of *carrying* a weapon in furtherance of a drug trafficking crime. *See Muscarello v. United States,* 524 U.S. 125, 128, 118 S.Ct. 1911, 1914, 141 L.Ed.2d 111 (1998); *United States v. Timmons,* 283 F.3d 1246, 1250 (11th Cir. 2002); *United States v. Range*, 94 F.3d 614, 617 (11th Cir. 1996); *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998). Active employment is not required.

To the extent the defendant claims the government has failed to meet its burden under the indictment, his argument also fails. "Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any of the means." *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (*United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)); *United States v. Still*, 102 F.3d 118, 124, (5th Cir. 1996) (applying same rationale in context of § 924(c) conviction by guilty plea) (citations omitted); *see also United States v. Dickey*, 102 F.3d 157, 164, n. 8 (5th Cir. 1996) (citation omitted, applying same rationale to indictment for violation of 924(c), which was pleaded in the conjunctive while the statute and jury charge were in the disjunctive). That is, even if the defendant is charged with using <u>and</u> carrying a firearm, or in this case using <u>and</u> carrying <u>and</u> possessing, the government need only prove one means of violating the statute to sustain a conviction. *Still*, 102 F.3d at 124. The government met its burden in this case. Defendant thus has not shown that counsel was ineffective or that his plea was "involuntary," and is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 112) be DENIED.

At Pensacola, Florida, this 1st day of April, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:05cr118/RV; 3:07cv384/RV/MD*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).